* * * * * * * * * * *
Plaintiff filed a T-1 Affidavit on June 27, 2008 alleging negligence on the part of named employees of defendant for refusing plaintiff the right to eat. Defendant filed a Motion to Dismiss and Answer on July 14, 2008. Among other grounds, defendant filed a Motion to Dismiss for lack of subject matter jurisdiction as the actions alleged in plaintiff's affidavit, if taken as true, would be intentional and not compensable under the Tort Claims Act.
On September 16, 2008, Special Deputy Commissioner Taylor held a hearing on defendant's Motion to Dismiss. Plaintiff failed to appear for the hearing.
After review of plaintiff's affidavit and the submissions by the parties, the undersigned have determined that plaintiff's claim is not properly before the Industrial Commission. Plaintiff has alleged an intentional act which is not within the scope of the Tort Claims Act.See N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts. Braswell v. North CarolinaA T State University, 5 N.C. App. 1, 168 S.E.2d 24 (1969). Therefore, plaintiff has failed to state a claim for negligence.
IT IS THEREFORE ORDERED that plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED.
This the 23rd day of March 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ STACI T. MEYER COMMISSIONER